## In re LIGAARDEN.

### No. 1507.

District Court, D. North Dakota, N. W. D.

Dec. 5, 1945.

Halvor L. Halvorson, of Minot, N. D., for bankrupt.

J. P. Stevens, Asst. U. S. Dist. Atty., of Minot, N. D., for creditor Farm Security Administration.

G. S. Wooledge, of Minot, N. D., for creditors Federal Land Bank of Saint Paul and Federal Farm Mortgage Corporation.

VOGEL, District Judge.

On July 23, 1945, this Court issued its order directing the bankrupt to show cause why this case should not be dismissed for the reason that more than three years have elapsed since the entry of the stay order by the Conciliation Commissioner on October 1, 1941. (It appears that this Court, on application by the bankrupt, also entered a stay order dated February 22, 1943.) The Conciliation Commissioner before whom the matter was pending properly reported the case for dismissal. The only question which now arises is whether or not the bankrupt's petition for discharge, which was filed on May 23, 1945, subsequent to the expiration of the statu-

tory three-year stay period, should receive consideration. The Farm Security Administration insists that the petition for discharge was not timely filed and that the petition for dismissal, which was executed by the Farm Security Administration, should be immediately granted without further consideration being given to the bankrupt's petition for discharge. It appears that the bankrupt's petition for discharge is dated September 15, 1944, which is within the three-year stay period following the entry of the stay order, but that it was not filed until May 23, 1945, which is subsequent to the expiration of such period. I cannot see that it makes any particular difference, as long as the petition for discharge has been filed, while the case is still open and pending.

In Matter of Presser, Bankrupt, 64 F. Supp. 260, this Court stated:

"An examination of Section 75, sub. s (3), 11 U.S.C.A. § 203 sub. s(3) discloses the provision that at the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession. The section then provides for reappraisal or hearing on value upon the application of either creditors or debtor. It next provides for redemption of the property at the value so arrived at. It then provides for a turn-over order turning over full possession and title to the property retained. There follows a provision with reference to a request on the part of the creditors for a public sale of the property and its redemption therefrom by the debtor, and then; and only then, does the Act refer to the bankrupt's right to make application for discharge. The position of such reference to discharge in the Act itself presupposes the happening of the things contained in the former provisions, and I believe it only fair to assume that Congress intended that the discharge could not be granted where there had been neither turn-over order of assets to the bankrupt, their transfer to another trustee, or some other disposition of such assets by the Court, or termination of the proceedings through expiration of the statutory or stay period.

"It follows that an application for discharge in bankruptcy may not be fully considered or granted until it shall have appeared that the above provisions have been complied with, as well as a satisfaction of such provisions as are contained in the General Bankruptcy Act relating to discharge."

█ There is nothing in the Act holding that the application for discharge must be filed prior to the expiration of the stay period. As indicated above, there are circumstances whereby it might be impossible, under the Act, to file an application for discharge and have the same acted upon until after the expiration of the three-year period, 11 U.S.C.A. § 203, sub. s(3). Certainly there is no sound reason why this bankrupt should not be granted discharge from his obligations merely because his application was filed subsequent to the expiration of the three-year stay and I find nothing in the Act which prevents such discharge. It is quite true that the courts do not have power to stay proceedings against a farm bankrupt for a period in excess of the three years provided for in the Act. Nevertheless, that does not prevent the courts from proceeding to close farm bankruptcies in an orderly fashion subsequent to the expiration of the three years. Inasmuch as the bankrupt's application for discharge was filed prior to the closing of the case, such application should receive proper consideration and be properly acted upon by the Court. Accordingly, this case will be remanded to the Conciliation Commissioner with instructions to give consideration to the bankrupt's application for discharge and for such further proceedings as may be necessary in connection therewith. Subsequently the case should be reported to this Court for closing.